UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL ALLEN ECKARD,<br><br>              Plaintiff,<br><br>    v.<br><br>ALTA LANGDON, et al.,<br><br>              Defendant. | CASE NO. C19-1139-RSL-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, Gabriel Allen Eckard, proceeds pro se in this 42 U.S.C. § 1983 civil rights action. Plaintiff has filed a motion for leave to proceed in forma pauperis (IFP). Dkt. 1. The Court recommends the complaint be dismissed without prejudice because it is based upon the same claim of deliberate indifference to plaintiff's mental health needs contained in another complaint that plaintiff filed earlier and which is still pending. *See Eckard v. Langdon, et al.*, C19-579-JCC-MAT. Because the dismissal of the complaint herein is without prejudice, plaintiff will have the opportunity to amend the complaint pending before Judge Coughenour to include the specific allegation herein. If the Court adopts this recommendation, plaintiff's application to proceed in forma pauperis should be stricken as moot. Alternatively, the Court recommends that plaintiff be denied IFP status pursuant to 28 U.S.C. § 1915(g), and that he be ordered to pay the Court's filing fee before proceeding with his complaint in this action.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

**A.   Duplicative Complaint**

The Prison Litigation Reform Act ("PLRA") obligates the Court to "review before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A. Under this provision, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint … [which is] …frivolous, malicious, fails to state a claim upon which relief may be granted,[] or which seeks damages from a defendant who is immune[.]" *Id.*; *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant." *See Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007).

This is the second complaint plaintiff has filed alleging defendants at the Snohomish County Jail have acted with deliberate indifference to his mental health needs in failing to provide him necessary mental health treatment. Dkt. 1-1. The first complaint was filed on April 17, 2019, and names Snohomish County Jail officers Alta Langdon, health services administrator, and Jacob Taylor, mental health professional, as defendants. *See Eckard v. Langdon*, C19-579-JCC-MAT, Dkt. 5. In the complaint pending before the Honorable John C. Coughenour, plaintiff alleges that prior to his confinement in the Jail (beginning on September 4, 2018) he received diagnoses of serious mental health illnesses from multiple DOC psychologists as well as psychologists employed by his criminal defense team and that prior to his incarceration he had received a similar diagnosis from a doctor employed by the Social Security Administration. *Id.* He contends the medically necessary treatment for his mental illness,

1  according to these doctors, is psychotherapy, and that the psychologist who most recently
2  diagnosed him stated his prognosis "does not call for psychopharmaceuticals as they will be of
3  no benefit." *Id.*

4  Plaintiff contends the defendants have refused to provide him with psychotherapy
5  indicating that they do not provide psychotherapy for the Jail's mentally ill population. *Id.*
6  Plaintiff contends defendants are acting with deliberate indifference to his serious mental health
7  needs in violation of his due process rights (as a pretrial detainee) under the Fourteenth
8  Amendment. *Id.* Plaintiff seeks a preliminary and permanent injunction ordering defendants to
9  provide him with "medically necessary mental health care" as well as $1,000,000.00 in
10  compensatory damages and $1,000,000.00 in punitive damages from each defendant. *Id.*

11  The second complaint (the complaint herein) was filed on July 22, 2019. Dkt. 1. Like the
12  first complaint, plaintiff again alleges his due process rights under the Fourteenth Amendment
13  have been violated. *Id.* He names the same defendants, Alta Langdon and Jacob Taylor, and
14  claims his rights have been violated because defendants have refused to provide him with
15  psychotherapy and psychopharmaceuticals.[1] *Id.* Plaintiff alleges that one of his doctors
16  diagnosed him with a "serious mental illness requiring administration of
17  psychopharmaceuticals." *Id.* He alleges defendants Langdon and Taylor are "aware [he] is
18  seriously mentally ill and in need of psychotherapy and psychopharmaceuticals" and refuse to
19  provide him with access to medication or psychotherapy. *Id.* Plaintiff seeks a preliminary and
20  permanent injunction ordering defendants to "cease and desist withholding medically necessary
21  mental healthcare and to provide … [him] … with access to psychopharmaceuticals" as well as

---

[1] Plaintiff alleges that "since around May 4, 2019, [he] has been seeking psychiatric care for a serious mental illness." However, his complaint in the action before Judge Coughenour, also alleges he has been seeking psychiatric care since before the filing of that complaint on April 17, 2019.

REPORT AND RECOMMENDATION - 3

1 | $1,000,000.00 in compensatory damages and $1,000,000.00 in punitive damages from each
2 | defendant. *Id.*
3 | The claim in the complaint filed herein thus arises out of the same claims regarding
4 | inadequate mental health treatment as alleged in plaintiff's first complaint which is pending
5 | before Judge Coughenour. The claim here, like the claim in the first complaint, alleges
6 | defendants violated plaintiff's Fourteenth Amendment rights. Though the complaint here alleges
7 | denial of psychopharmaceuticals in addition to psychotherapy, the allegation does not alter the
8 | initial claim. Both complaints allege a violation of plaintiff's Fourteenth Amendment right to
9 | adequate mental health treatment. This is thus not a situation in which plaintiff is alleging a
10 | completely unrelated claim such as the use of excessive force by an officer at the jail. Such a
11 | claim would be unrelated to the claim alleged in the first complaint that is pending before Judge
12 | Coughenour and would be thus appropriately brought via a separate action and complaint.
13 | Given the acts plaintiff alleges herein arise from the same Constitutional violations
14 | alleged in plaintiff's first complaint, the instant action is duplicative and should be dismissed
15 | without prejudice. *See Adams*, 487 F.3d at 688 ("Plaintiffs generally have no right to maintain
16 | two separate actions involving the same subject matter at the same time in the same court against
17 | the same defendant."). Plaintiff will not be prejudiced because he will be able to allege the acts
18 | asserted herein, in the complaint pending before Judge Coughenour, in case C19-579-JCC-MAT.
19 | Plaintiff should understand that this will require him to amend the action before Judge
20 | Coughenour and to add the allegation that in addition to denying him psychotherapy defendants
21 | have also denied him treatment in the form of psychopharmaceuticals. Accordingly, this Court
22 | recommends the instant action be dismissed without prejudice as duplicative of C19-579-JCC-
23 | MAT and plaintiff's application to proceed *in forma pauperis* be denied as moot.

REPORT AND RECOMMENDATION - 4

**B.     28 U.S.C. § 1915(g)**

Section 1915(g), enacted April 26, 1996, provides that a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A review of the Court's records reflects that at least three of the cases plaintiff filed while incarcerated were dismissed as frivolous or for failure to state a claim.

In *Eckard v. Riszk*, plaintiff's case was dismissed for failure to state a claim and the dismissal counted as a strike under section 1915(g). *See* Dkts. 6 and 8, in Case No. 19-813-RSM. In *Eckard v. Nikolina*, plaintiff's case was dismissed for failure to state a claim and the dismissal counted as a strike under section 1915(g). *See* Dkt. 8, in Case No. 19-881-RSM. In *Eckard v. Caraway*, plaintiff's case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and the dismissal counted as a strike under section 1915(g). *See* Dkts. 6 and 9 in Case No. 19-679-RSL.

Because plaintiff has pursued three or more civil actions or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted, he may not proceed with this complaint without prepayment of the full filing fee, absent a showing that he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint. *See* 28 U.S.C. § 1915(g). Plaintiff alleges he is in "imminent danger" because defendants refuse to provide him with psychopharmaceuticals. Dkt. 1-1. He indicates he has a history of self harm and suicidal ideation as well as suicide attempts. *Id.* However, plaintiff offers no information regarding his diagnosis, current symptoms, the type of psychopharmaceuticals he believes are necessary, or why the doctor he alleges indicated they were necessary believes that to be the case. The Court also notes that in his first complaint, filed

REPORT AND RECOMMENDATION - 5

just a few months prior to the instant complaint, plaintiff explicitly stated that his doctors had indicated psychopharmaceuticals were not called for and would be of no benefit and that psychotherapy was the only treatment option. Plaintiff does not indicate his mental health has significantly deteriorated over the last several months or offer any facts that would indicate as such. Plaintiff's vague and conclusory allegations are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g). *See, e.g.*, *Pauline v. Mishner*, 2009 WL 1505672 (D. Hawaii, May 28, 2009) ("Plaintiff's vague and conclusory allegations of possible *future* harm to himself or others are insufficient to trigger the 'imminent danger of serious physical injury' exception to dismissal under § 1915(g)).

The Court also notes that if plaintiff in fact believes he is in imminent danger of serious physical injury he has an available remedy, if appropriate, in that he may seek preliminary injunctive relief in his current ongoing civil rights action based the on alleged inadequate mental health care by defendants. The plaintiff is also advised that if he believes he can provide additional information to demonstrate he is in imminent danger of serious physical injury he should do so in his objections to this report and recommendation.

Accordingly, if the Court declines to adopt the recommendation to dismiss this action without prejudice as duplicative, the Court recommends that plaintiff be denied IFP status pursuant to 28 U.S.C. § 1915(g), and that he be ordered to pay the Court's filing fee of $400.00 ($350.00 filing fee plus $50.00 administrative fee) before proceeding with his complaint in this action.

## OBJECTIONS AND APPEAL

1    This Report and Recommendation is not an appealable order.  Therefore a notice of
2 appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
3 assigned District Judge enters a judgment in the case.

4    Objections, however, may be filed and served upon all parties no later than **August 20,**
5 **2019.** The Clerk should note the matter for **August 23, 2019**, as ready for the District Judge's
6 consideration if no objection is filed.  If objections are filed, any response is due within 14 days
7 after being served with the objections.  A party filing an objection must note the matter for the
8 Court's consideration 14 days from the date the objection is filed and served.  The matter will
9 then be ready for the Court's consideration on the date the response is due.  Objections and
10 responses shall not exceed **8 pages**.  The failure to timely object may affect the right to appeal.

11    DATED this 6th day of August, 2019.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7